**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 15 2010**

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** | ) | Case No. 10-33948 |
| | ) | |
| Angela Dyan Bockbrader | ) | Chapter 7 |
| | ) | |
| **Debtor(s).** | ) | |
| | ) | **JUDGE MARY ANN WHIPPLE** |

### SHOW CAUSE HEARING ORDER

This case is before the judge upon referral from the Clerk for review. There are basic case opening problems that persist.

The primary outstanding issue is the status of filing fees. Absent IFP status, which is not applicable here, the entire filing fee must be paid with the petition or an application to pay in installments must be electronically filed at the same time as the petition. *See* Fed. R. Bankr. P. 1006(b)(1). When this case was opened, counsel did docket separately an application to pay the filing fees in installments. However, counsel has not separately submitted any form of order into the ECF orders program for the court to act upon in connection with same. The Clerk separately issued on June 9, 2010, a deficiency notice raising the problem of the missing order. It has not been acted upon.

The larger problem with the filing fees in this case is that upon case opening counsel zeroed out in the electronic filing system the filing fees due. As a result, the electronic filing system will now not accept any payments. Contrary to this court's requirement that all fees be paid electronically by counsel, all further fee payments herein must now be paid manually by check. And in order to do that,

a separate motion must be filed and form of order submitted to obtain such authorization. The requirement of a separate motion to pay manually by check has been communicated to counsel by messages that have neither been returned nor acted upon. Lastly, absent IFP status, this court does not routinely permit payment of filing fees in installments where there is no money paid up front. The court's routine practice is that an initial installment of at least $65 must be paid with the petition. While that problem cannot now be addressed in this case, any further cases filed by counsel in this court must take that practice into consideration if authority to pay in installments will be sought.

Another problem that has not been attended to is a missing electronic signature declaration form, which was due on or before June 14, 2010, within 7 days of filing.

These problems must be corrected in order for this case to proceed. If they are not, the court will dismiss the case.

**IT IS THEREFORE ORDERED** that the court will hold a hearing at which counsel shall appear to address these issues. The hearing will be held on **June 24, 2010, at 10:30 o'clock a.m.** in Courtroom No. 2, Room 103, United States Bankruptcy Court, Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio, 43604.