**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: June 21 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-33948 |
| | ) | |
| Angela Dyan Bockbrader, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## SHOW CAUSE HEARING ORDER

This case is before the court after review of the Disclosure of Compensation of Attorney for Debtor. [Doc. #1, p.32/44]. The disclosure form states that Debtor has agreed to pay attorney Pamela I. Theodotou $899 for representation in this Chapter 7 case, that no funds have been paid to date and that counsel has not agreed to share compensation with any other person. Pursuant to 11 U.S.C. § 329(b), "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . the entity that made such payment."

For the following reasons, the court questions both the scope and quality of counsel's representation of Debtor in this case and whether the compensation agreed to be paid is excessive.

First, the disclosure of compensation filed in this case indicates that counsel's representation excludes representation of Debtor at the meeting of creditors. Representation at the first meeting of creditors is of primary importance and is a basic aspect of representing a client in a bankruptcy case.

Second, basic case opening issues have arisen that include (1) zeroing out in the electronic filing system the filing fees due such that the system will now not accept any payments, (2) failing to submit any

form of order into the ECF orders program for the court to act upon an application to pay the filing fee in installments, and failing to act on a deficiency notice informing counsel of this issue, and (3) having zeroed out the fees due, failing to take steps to obtain authority for counsel to make manual payments of the fee installments by check.

Third, counsel did not timely file the electronic signature declaration form that was due within seven days of filing the petition. The court further notes that the electronic signature declaration form was submitted, late, on June 16, 2010. It was signed by Debtor on June 11, 2010, which was after the commencement of this case on June 7, 2010. Attorney for Debtor, however, signed the form stating among other things that "[t]he debtor(s) will have signed this form before I submit the petition, schedules, and statements, or any other documents that must contain original signatures."

Fourth, employee income records were mailed directly by Debtor to the court for filing, with an attached letter that included the following instruction pre-printed at the top of her letter: "A requirement under the Bankruptcy Code is that you mail directly to the courts copies of all pay advices (pay-stubs) or other evidence of payment received within 60 days of your filing for bankruptcy. You will need to mail this into the bankruptcy court ASAP." [Doc. #13]. However, a debtor represented by counsel should not be filing documents in her case. Although the judge authorized the deputy clerk to docket the pay advices received directly from Debtor, it is counsel's responsibility to file these documents electronically.

Similarly, Debtor's certificate of credit counseling was mailed to the court in paper format and was returned to counsel by the Clerk with instructions to file it electronically. This judge was also informed that a case manager in the clerk's office contacted Ms. Theodotou regarding a certificate of credit counseling sent to the court by a debtor in another case in this division to inform her that it must be filed electronically and that her response was that she would call her "accountant." Later, an accountant called the case manager and instructed her to return the certificate of credit counseling to the debtor. Ms. Theodotou's role in representing Angela Bockbrader and other debtors in this court is unclear.

Consequently, the court will hold a hearing at which Ms. Theodotou shall appear and show cause as to why any fee agreement entered into by Debtor in this case should not be cancelled as exceeding the reasonable value of her services.

**IT IS THEREFORE ORDERED** that the court will hold a hearing at which Pamela I. Theodotou must appear in person and show cause as to why any fee agreement entered into in the case should not be cancelled. The hearing will be held on **June 24, 2010, at 10:30 a.m.** in Courtroom No. 2, Room 103, United States Bankruptcy Court, Ashley U.S. Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio; and

**IT IS FURTHER ORDERED** that Pamela I. Theodotou shall produce at the hearing the fee agreement that she has entered into with Debtor and any agreements or other documents setting forth her relationship with any bankruptcy petition preparer, accountant, lawyer or law firm, or other entity in connection with her representation of Angela Bockbrader or other debtors in this court.