**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 27 2010**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. **10-33948** |
| | ) | |
| **Angela Bockbrader** | ) | Chapter 7 |
| | ) | |
| Debtor(s) | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER FOR FURTHER HEARING

This case came before the court for hearing upon Debtor's Motion to Dismiss ("Motion") [Doc. # 29]. An attorney substituting for Attorney for Debtor and the Chapter 7 Trustee appeared in person at the hearing.

Debtor seeks to voluntarily dismiss this case because she states that now she wants to address her creditors outside of bankruptcy. The court also notes that the United States Trustee has filed a statement indicating that this case is presumed to be an abuse. Thus, primarily due to the statement of presumed abuse, the court will find cause for voluntary dismissal. However, there are two issues that cause the court to set a further hearing on the Motion.

First, Debtor has not paid the $200 balance of the filing fee due in this case pursuant to the installment order that was entered by the court on June 29, 2010, after extensive efforts to straighten out he procedure attendant to payment of the fees. Dismissal is conditioned upon that problem being resolved. The court has been informed that since the hearing, the Clerk has received a personal check for the fee amount from Debtor. However, the court's directive at the hearing appears to have been unclear. The court does not

ever accept personal checks directly from debtors, and will not in this case. The court will accept a check from counsel, only. The personal check will be returned to Debtor. It is counsel's responsibility to obtain from Debtor the funds necessary to pay the balance of the filing fee and to transmit the check to the Clerk, with the court already having made an exception for counsel to pay manually by check instead of electronically as is routinely required. Alternatively, Debtor may personally bring either cash or a money order to the court for the balance of the fees due. If the fee issue is resolved, the continued hearing need not go forward unless Debtor wants to address the second issue raised below. If the fees issue is not resolved, the hearing will go forward and both Debtor and counsel must appear in person.

Second, due to Debtor's extended period of protection in bankruptcy, her noncompliance with the orders of the court directing payment of the filing fees, the extensive administrative and judicial efforts in administration of this case to date, and Debtor's stated change of mind and a desire now to address her financial issues outside of bankruptcy, the court believes that dismissal of this case must be accompanied by a limitation for cause under 11 U.S.C. § 349 on re-filing under Chapter 7 in any court for a period of one year from the date of dismissal. Because substitute counsel was present at the hearing, and this issue has not been raised with Debtor in connection with her motion, if Debtor wishes to contest this limitation then she and counsel must appear at the hearing set below to do so.

If Debtor does not intend to contest the court's proposed limitation on refiling, and if the fee payment issue is resolved, then she need not appear and the hearing will not go forward. The motion to dismiss will in that event be granted without further notice or hearing by separate order of the court with the refiling limitation specified above.

For good cause shown,

**IT IS ORDERED** that the Motion is hereby conditionally set for *Further Hearing* as specified above on **October 5, 2010, at 9:45 a.m.**, in Courtroom No. 2, Room 103, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

# CERTIFICATE OF NOTICE

```
District/off: 0647-3          User: mclar              Page 1 of 1              Date Rcvd: Sep 27, 2010
Case: 10-33948                Form ID: pdf755          Total Noticed: 1
```

The following entities were noticed by first class mail on Sep 29, 2010.
db          +Angela Dyan Bockbrader,   1774 Bloomdale,   Bloomdale, OH 44817-9727

The following entities were noticed by electronic transmission.
NONE.                                                                                            TOTAL: 0

     ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Sep 29, 2010                    Signature:    _Joseph Speetjens_